# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**CASSANDRA COWSER,**

    **Petitioner,**

    **v.**                       **Case No. 13-CV-1002**

**DEANNE SCHAUB,**

    **Respondent.**

---

### ORDER DISMISSING HABEAS PETITION

---

The petitioner, Cassandra Cowser, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) She alleges that her state court conviction and sentence were imposed in violation of the Constitution; specifically, she alleges that she was deprived of effective assistance of postconviction counsel. (*Id.* at 6.) The respondent argues that Cowser's claims are procedurally defaulted. For the reasons explained below, I agree, and the petition will be denied and dismissed.

In April 2006, Cowser was charged with first-degree intentional homicide. After offering Cowser some crack cocaine he was smoking, the victim then expected Cowser to have sex with him in exchange for the crack cocaine. (Ct. App. Decision in 2008AP2779-CRNM, Docket # 17-4 at 2.). When Cowser told him that she was menstruating, he forced her to perform oral sex on him as he threatened her with a knife. As he began to relax, he lowered the knife, at which point Cowser grabbed the knife and the two struggled. Cowser stabbed the victim 160 times. Though he was still breathing, he went limp; Cowser panicked and wiped off her hands and the victim's mouth and hands with bleach. Afterwards she went home, disposing of the knife in a sewer and her clothes elsewhere. She then went to work. (*Id.*)

Cowser initially pled not guilty to the first-degree intentional homicide charge. After Cowser's attorneys had her seen by the psychologist at the jail, Dr. Stonefield, who diagnosed Cowser with post-traumatic stress disorder ("PTSD"), Cowser's attorney appeared in court and asked that Cowser's not guilty plea be amended to not guilty by reason of mental disease or defect ("NGI"). They also requested that Dr. Pankiewicz be appointed to conduct the examination. (*Id.*) Dr. Pankiewicz agreed that Cowser had PTSD but he did not support an NGI plea. (*Id.*) Cowser's counsel informed the trial court that she had retained her own expert, Dr. Campbell, and that Cowser was in the process of being examined. (*Id.* at 3-4.) Dr. Campbell evaluated Cowser over the course of several days and opined that, at the time of the offense, Cowser was suffering from severe mental disease or defect and that her mental illness prevented her from being able to appreciate the wrongfulness of her actions. (*Id.* at 4.)

On May 21, 2007, one of Cowser's attorneys appeared in court (without Cowser, who waived her appearance). (*Id.*) The judge mentioned an off-the-record discussion with Cowser's attorney and the prosecutor about Dr. Campbell's report and granted both the defense and the prosecutor time to ensure they had an opportunity to review the report. (*Id.* at 4-5.) Cowser states that she was told that Dr. Campbell's findings were insufficient to back up an NGI plea. (*Id.* at 5.) She was also told that the jail psychologist could not be used as a witness because of a "a spot on his record." (*Id.*) Cowser states that she was never supplied with any of the written reports. (*Id.* at 5-6.)

Cowser ultimately entered a guilty plea to a reduced charged (second degree reckless homicide), foregoing her previously-entered NGI plea. (*Id.* at 6; Br. in Opposition, Docket # 27 at 2.) She was sentenced to the maximum possible sentence of 20 years initial confinement and 10 years extended supervision. (Docket # 17-1.)

- 2 -

Cowser was appointed postconviction and appellate counsel, who filed a no-merit report pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Wis. Stat. Rule 809.32(1). (Ct. App. Dec. in 2008AP2779, Docket # 17-4 at 1.) Cowser responded to the no-merit report, in which she raised five issues: (1) the trial court's reliance on the unchallenged court-appointed competency evaluation; (2) her self-defense claim; (3) the trial court's imposition of an allegedly excessive sentence; (4) two allegedly new sentencing factors warranting sentence modification; and (5) trial counsel's allegedly deficient performance. (*Id.* at 3.) The court of appeals addressed each of Cowser's five issues and found they each lacked arguable merit. (*Id.* at 3-7.) The court also conducted an independent review of the record, as it was required to do under *Anders*, and it concluded that there were no other potentially meritorious issues. (*Id.*) The court of appeals affirmed the judgment of conviction. (*Id.*) Cowser did not file a petition for review with the Wisconsin Supreme Court. (Case History in Appeal 2008AP2779, Docket # 17-5.)

In April 2011, Cowser filed a Wis. Stat. § 974.06 motion alleging that her trial counsel was ineffective. (Ct. App. Dec. in 2011AP1804, Docket # 17-9 at 3.) Specifically, she alleged that her counsel was ineffective in three respects: (1) failing to submit Dr. Stonefield's evaluation report to the circuit court; (2) failing to challenge Dr. Pankiewicz's report with Dr. Campbell's; and (3) advising her to withdraw her NGI plea and plead guilty. The circuit court, having concluded that Cowser's motion raised issues already litigated in the no-merit appeal, denied the motion without a hearing. It also found that, to the extent Cowser was raising new issues, those issues were procedurally barred because she had not sufficiently explained why she had not raised them in her no-merit response. Cowser then appealed. (*Id.*)

- 3 -

On appeal, the court of appeals found that two of Cowser's arguments—the omission of Dr. Stonefield's report and the failure to use Dr. Campbell's report to challenge Dr. Pankiewicz's—were already litigated and would not be revisited. (*Id.* at 5.) As to Cowser's final argument that her counsel was ineffective for encouraging her to plead guilty, the court of appeals found that, to the extent the argument had not been previously raised, Cowser failed to show sufficient reason for not previously raising the argument.

Cowser argued that the no-merit procedures had not been properly followed during her direct appeal and that this was the "sufficient reason" she had not previously raised the issue(s). (*Id.* at 5.) The court of appeals rejected her argument, finding that there was no claim of "obvious merit" and that, in addition, identifying an issue—even one of arguable merit—that the court of appeals did not discuss does not constitute a "sufficient reason." (*Id.* (citing *Allen*, 328 Wis. 2d 1, ¶ 83).) The defendant would need to identify something that undermined the court's confidence in the decision. (*Id.* (citing *Allen*, 328 Wis. 2d 1, ¶ 83).) The court of appeals affirmed the circuit court, and Cowser filed a petition for review with the Wisconsin Supreme Court, in which she raised three claims: (1) that the circuit erred when it denied her postconviction motion on the basis that the arguments raised were raised in the her no-merit response; (2) that trial counsel provided ineffective assistance of counsel by advising her to plead guilty; and (3) that the court of appeals erred when it held that she failed to adequately explain why the issues were not raised in her no-merit response. (Docket # 17-10.) The supreme court denied her petition for review. (Docket # 17-11.)

- 4 -

## STANDARD OF REVIEW

Cowser's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d) (1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

However, the respondent has argued that Cowser's petition must be denied for procedural reasons, namely that she procedurally defaulted her claims by failing to present them through an entire round of state court review. It is well-established that a federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

If state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state court review or for taking an appeal, those remedies are technically exhausted; however, exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

A claim can also be procedurally defaulted when a state court does not reach a federal issue because of a state procedural bar. *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir. 1998). In order to conclude that a petitioner has procedurally defaulted a claim due to an adequate and independent state ground, this Court "must be convinced that the last state court to consider the question actually relied" on a procedural ground "as the basis for its decision." *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (internal citations omitted). The state court's reliance on a procedural rule therefore must be explicit. *See id.* In other words, a state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010).

Furthermore, to be an adequate ground of decision, the state's procedural rule must be "firmly established and regularly followed," applied in a "consistent and principled way," and the petitioner must be deemed to have been fairly apprised of its existence at the time he acted. *Braun*, 227 F.3d at 912 (internal quotations and citations omitted). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he

- 6 -

can establish that the denial of relief will result in a miscarriage of justice. *Lewis*, 390 F.3d at 1026 (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977)).

## DISCUSSION

Cowser's petition focuses on her guilty plea. She alleges that her trial counsel was ineffective for urging her to withdraw her NGI plea and plead guilty to a lesser offense and that, in turn, her postconviction/appellate counsel was ineffective for failing to argue (and preserve) that her trial counsel was ineffective. The respondent argues that Cowser's first argument is defaulted under the independent and adequate state law doctrine and the her remaining claim is defaulted by failing to present it to the Wisconsin Supreme Court.

### 1. *Ineffective Assistance of Trial Counsel*

In denying Cowser's claim that her trial counsel was ineffective for urging her to plead guilty, the court of appeals found, as noted above, that she had failed to provide a sufficient reason for failing to raise the issue in her prior no-merit response. Wisconsin law, specifically section 974.06 and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), requires that a defendant "raise all grounds for relief in his or her original, supplemental or amended motion for postconviction relief," *State v. Fortier*, 2006 WI App 11, ¶ 16, 289 Wis. 2d 179, 709 N.W.2d 893 (2005) (citing Wis. Stat. § 974.06 and *Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157), which also includes a direct appeal, *State v. Leo*, 2003 WI 107, ¶ 32, 264 Wis. 2d 1, 665 N.W.2d 756. In finding that Cowser should have raised her ineffective assistance of trial counsel in her no-merit response, the court of appeals relied on *State v. Tillman*, 2005 WI App 71, 28 Wis. 2d 157, 696 N.W.2d 574, which cites to *Escalona-Naranjo* and Wis. Stat. § 974.06 and holds that failure to raise an argument in a no-merit response may serve as a procedural bar in a subsequent postconviction

- 7 -

motion. The court then went on to find that Cowser had not shown there was a "sufficient reason" for her failure to raise the issue in her no-merit response. *Fortier*, 2006 WI App 11, ¶ 16.

Thus, the court of appeals found that a procedural bar prevented Cowser from raising her ineffective assistance of trial claim in her § 974.06 motion. However, the Seventh Circuit has found that failure to raise an ineffective assistance of trial counsel argument in a no-merit response does not constitute an adequate and independent state ground. *Johnson v. Thurmer*, 624 F.3d 786, 789-91 (7th Cir 2010). As noted above, in order for a state procedural ground to serve as an adequate and independent state ground, it must be expressly relied upon, clearly established, and consistently relied upon. *Id.* at 789 (internal citations omitted). The Seventh Circuit examined both the no-merit procedure and the procedure by which a defendant must challenge the performance of her trial counsel and concluded that it was inconsistent. *Id.* at 790. It explained:

> On one hand, Wisconsin courts held that ineffective assistance of counsel claims were defaulted if they related to trial conduct and were not brought in response to the no-merit report. On the other, the state courts required ineffective assistance claims that dealt with trial errors to be raised in a separate post-conviction motion in the trial court prior to the no-merit appeal or they were waived. In essence, Wisconsin rulings of default were not based on an adequate state ground barring federal habeas review because Wisconsin procedure required the petitioner to travel an inconsistent and confusing path by asserting "a claim before the court of appeals that, under established Wisconsin case law, he could not bring initially in that forum because it had not been brought to the attention of the trial court."

*Id.* (quoting *Page v. Frank*, 343 F.3d 901, 909 (7th Cir. 2003)).

While the Seventh Circuit recognized that a then-recent Wisconsin Supreme Court case recognized this inconsistency, it did not examine whether it resolved the confusion about the procedure for challenging the performance of trial counsel because they had to "assess the consistency of Wisconsin's procedures at the time of [the petitioner's] appeal." *Id.* at 791 n. 2. The same is true here: the supreme court case was decided in 2010, *see State v. Allen*, 2010 WI 89, 328

- 8 -

Wis. 2d 1, 786 N.W.2d 124, well after Cowser's appeal. Therefore, the same inconsistencies recognized in *Johnson* (and *Page*) were present at the time Cowser submitted her no-merit response and the court of appeals' finding that her failure to raise the claim in her no-merit brief served as a procedural bar for raising it in a later § 974.06 motion does not constitute an adequate and independent state ground.

Because Cowser's claim is not defaulted, I must now determine what standard of review applies to her ineffective assistance of trial counsel claim. If the state court decided her claim on the merits, AEDPA's standard applies, but if not, a *de novo* standard applies. *Johnson*, 624 F.3d at 791 (citing *George v. Smith*, 586 F.3d 479, 484 (7th Cir. 2009); *McGee v. Bartow*, 593 F.3d 556, 572 n. 10 (7th Cir. 2010)). Though the court of appeals found that Cowser's ineffective assistance of trial counsel claim was procedurally barred, it nonetheless discussed the merits of Cowser's ineffective assistance of trial counsel claim.

> Nothing in Cowser's motion suggests that there was 'obvious merit' to a claim that trial counsel was ineffective for persuading her to plead guilty to a reduced charge. Cowser contends that if she had known of Stonefield's and Campbell's reports, she would not have entered a guilty plea. However, Cowser had to have known something about Stonefield's report, as that was the impetus for the NGI plea. Cowser also admits that trial counsel had explained why Stonefield would not be a good witness.

> Further, Campbell's report does *not* unequivocally support an NGI plea as Cowser appears to believe. Rather, Campbell concluded, in relevant part:

>> Ms. Cowser ordinarily would recognize the criminality and/or wrongfulness of stabbing someone. On the day of the instant offense, she was operating from a framework of defending herself against a sexual attack. Her frantic attempts at self-preservation, combined with her chronic, severe PTSD and *recent binge in using large quanities of crack cocaine all colluded together*. This resulted in her inability to recognize the wrongfulness of her action[.]

- 9 -

(Emphasis added.) Campbell's report thus suggests that Cowser's drug use played a role in the homicide, but there is nothing to suggest that Cowser's voluntary intoxication would constitute a defense in this case. *See* Wis. Stat. § 939.42. Accordingly, there is nothing obviously meritorious or even arguably meritorious about a claim that defense counsel was ineffective for encouraging a guilty plea to a reduced charge instead of proceeding to trial on a first-degree intentional homicide charge with questionable support for an NGI defense.

(Docket # 17-9 6.)

When alleging that her counsel was deficient, a defendant must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). While the court of appeals did not explicitly use the terms in *Strickland*, it was nonetheless performing a *Strickland* analysis—finding, in essence, Cowser's counsel was neither deficient nor was she prejudiced by their urging to enter a plea to a reduced charge. Thus, the question before me now is not whether this court "believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable—a substantially higher standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal citations and quotation marks omitted). Indeed, when a habeas petitioner raises ineffective assistance of counsel as a basis for relief from his state conviction and sentence, federal habeas courts must "use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt.'" *Burt v. Titlow*, 134 S.Ct. 10, 13 (2013) (internal citation and quotation marks omitted); *see also Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

Here, the court of appeals' determination that Cowser's counsel's performance was not deficient and its determination that she was not prejudiced by any deficiency even if there was one was a reasonable application of *Strickland*. While Cowser contends that she would not have pled guilty had she known what Dr. Campbell's and Dr. Stonefield's reports said, the court of appeals'

- 10 -

finding that (1) Cowser had to have known about Stonefield's report since it triggered the entry of her NGI plea and (2) Dr. Campbell's report did not provide the support for an NGI plea she believed it did were both a reasonable determination of the facts as well as a reasonable application of *Strickland.* While Cowser may have not entered a guilty plea to a reduced charge had she been provided Dr. Campbell's report, as she says, she has not shown that the court of appeals was unreasonable in determining that Dr. Campbell's report would not have unequivocally supported an NGI plea. Therefore, her claim of ineffective assistance of trial counsel must fail.

      2.     *Ineffective Assistance of Appellate/Postconviction Counsel*

      I turn now to her remaining claim: that her appellate/postconviction counsel was deficient for failing to argue that her trial counsel was ineffective. First, I note that having found the court of appeals was not unreasonable in finding that Cowser could not show that her trial counsel was ineffective, it would be inconsistent to find that her appellate/postconviction counsel was ineffective for failing to raise the issue. Regardless, Cowser has not exhausted this issue and it is therefore procedurally defaulted. In the appeal following the denial of her § 974.06 motion, Cowser argued that her appellate/postconviction counsel's failure to file a motion alleging ineffective assistance of trial constituted "sufficient reason" to overcome the procedural bar. Even if this is sufficient to constitute "raising" the issue with the court of appeals, she did not raise it in her petition for review in the Wisconsin Supreme Court. Because she did not present the claim through one full round of state court review, she has procedurally defaulted this claim.

      To overcome procedural default, the petitioner must either demonstrate both cause for and prejudice stemming from his procedural default or be able to establish that the denial of relief will result in a miscarriage of justice. *Lewis*, 390 F.3d at 1026 (citing *Wainwright*, 433 U.S. at 86-87). To

- 11 -

prove cause, the petitioner must show "that some type of external impediment prevented [him] from presenting his federal claim to the state courts." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). In order to establish prejudice, the petitioner must show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (citing *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). The miscarriage of justice exception requires that the petitioner "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) that he attributed to the state court." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)).

Cowser does not argue that she is innocent of the offense, so the question is whether she can show cause for and prejudice from this default. Cowser has not argued that any external impediment prevented her from raising a claim that her appellate/postconviction counsel was ineffective in her petition for review (assuming that she did, in fact, raise it in the appeal from her § 974.06 motion). Therefore, she cannot show cause for her default, and I need not determine whether she can demonstrate prejudice from the default. Her second claim—that appellate/postconviction counsel was ineffective for failing to file a motion/raise the argument that trial counsel was ineffective—is therefore defaulted and must also fail.

3.     *Conclusion*

Cowser's claim that her trial counsel was ineffective, though not procedurally defaulted, cannot succeed on the merits. Her claim that her appellate/postconviction counsel was ineffective is procedurally defaulted. Her petition, therefore, is denied.

- 12 -

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

As for issues resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. Each component of the § 2253(c) showing is part of a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.*

Jurists of reason would not find it debatable that the court of appeals was not unreasonable in its finding that Cowser's trial counsel was not ineffective. Nor would jurists of reason find it debatable that Cowser procedurally defaulted her ineffective assistance of appellate/postconviction counsel and that she cannot overcome that default. Thus, I will deny Cowser a certificate of appealability. Of course, Cowser retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

- 13 -

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 2nd day of December, 2016.

BY THE COURT

 s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

- 14 -